Depoy et. al. v. The Trustees of the Gill Odd Fellows' Home of Vermont, No. 155-3-11 Wrcv (Teachout, J., Nov. 26, 2013).

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

| | |
|---|---|
| **SUPERIOR COURT** | **CIVIL DIVISION** |
| **Windsor Unit** | **Docket No. 155-3-11 Wrcv** |

**TRICIA DEPOY and**
**NANCY GRATTAN,**

      **Plaintiffs,**

**v.**

**THE TRUSTEES OF THE GILL ODD**
**FELLOWS' HOME OF VERMONT,**

      **Defendant.**

### DECISION
### Defendant's Motion in Limine (Alleged Harrassment of Co-Workers)
(Motion #15)

On September 9, 2013, Defendant moved in limine to prohibit Tricia Depoy and Nancy Grattan (collectively, "Plaintiffs") from offering evidence about alleged harassment of other employees by Leslie Whittington, Defendant's former administrator. Defendant argues that such evidence is irrelevant to any issues in this case and would serve only to improperly bolster Plaintiffs' claims.

Plaintiffs opposed Defendant's motion on September 24, 2013, claiming that evidence about Ms. Whittington's harassment of employees other than Plaintiffs demonstrates a common scheme or plan by Defendant to retaliate against employees. Plaintiffs further assert that this evidence indicates that Defendant maintained a hostile work environment.

On October 4, 2013, Defendant filed a reply to Plaintiffs' opposition, again asserting that evidence about its former administrator's harassment of other employees was irrelevant and also detailing how much delay and confusion admitting such evidence would cause during the trial.

### ANALYSIS

V.R.E. 404(b) establishes that generally "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith." V.R.E. 404(b). However, such evidence "may be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." *Id.* Here, the parties dispute

Plaintiffs' purpose for seeking to introduce evidence about alleged harassment of other employees by Defendant's former administrator.

Defendant argues that the evidence should be inadmissible because it would tend to show only that Defendant's former administrator routinely harassed her subordinates and that she likely retaliated against Plaintiffs as part of this general harassment. Defendant also asserts that if such evidence were admitted, it would unnecessarily confuse the jury and cause undue delay because Defendant would be forced to address each harassment claim raised by Plaintiffs despite these claims being unrelated to the parties or specific allegations in this case.

Plaintiffs counter that evidence regarding other acts of harassment and retaliation by Defendant's former administrator suggests that all of her actions were part of a plan to harass or retaliate against her employees. Secondly, Plaintiffs argue that evidence of other acts of harassment tends to show that Defendant created a hostile work environment.

*Plan.* Plaintiffs argue that Defendant's former administrator harassed numerous employees and, therefore, the specific actions she took against Plaintiffs were part of a common scheme of harassment. However, Plaintiffs never detail how any of these allegations demonstrate a common plan by Defendant or why Defendant would have such a plan. In cases where evidence regarding a common plan is admissible, the actual plan or scheme is identifiable and serves a specific purpose. *See, e.g.*, *Sweet v. Roy*, 173 Vt. 418, 436-37 (2002) (highlighting the many different events that suggested defendants had a plan "to gain ownership of all the mobile homes in their park"); *State v. Catsam*, 148 Vt. 366, 382 (1987) (noting that the similarities between different incidents of sexual molestation indicated a plan to continue committing such acts). There must be "at a minimum, a clear inference of the existence of a plan from the prior acts." *Id.*

Plaintiffs' allegations of a common plan fall closer to pure, inadmissible character evidence. In effect, Plaintiffs' highlighting of unrelated allegations of harassment by Defendant's former administrator would suggest to the jury that she likely harassed Plaintiffs because she had done the same to other employees. *See Loso v. Yankee Med., Inc.*, 2009 WL 3320269, at *2 (Vt. Oct. 8, 2009) (explaining that in the absence of a link between the proposed evidence and the alleged wrong, the evidence should be excluded because its principal purpose would be to suggest that an individual acted in conformance with earlier, unrelated actions). As the Supreme Court stated in *Sweet v. Roy* with reference to a Rule 404(b) exception, "it is important that the exception not become a pretext for admission of character evidence." 173 Vt. At 439.

Even if the Plaintiff were able to provide more specific evidence of an identifiable plan with a specific purpose, admissibility is subject to the balancing test of V.R.E. 403. Addressing such evidence would cause confusion and undue delay. If evidence regarding the harassment of other employees were admitted, Defendant would need to address each specific instance, explain its version of what occurred, and argue why it is not relevant here. This result supports finding evidence of the harassment of other employees

2

inadmissible. *See Wisch v. Lakatos*, 2005 WL 6154120, at *1 (Vt. Jan. 2005) ("The court reasonably found that the proffered evidence [about the mistreatment of other patients] could require a time-consuming and potentially confusing mini-trial on each of the four unrelated cases to determine its facts, similarity, and relevance to the case at bar, and would be unfairly prejudicial to defendant.")

*Hostile work environment.* The evidence of Defendant's administrator's alleged harassment of other employees is also inadmissible to prove that Defendant created a hostile work environment.[1] This claim relates to the environment created around Plaintiff Depoy. No Vermont statute or case authorizes a plaintiff to offer evidence regarding the treatment of other employees generally to support a claim for a hostile work environment. Even in *Perry v. Ethan Allen, Inc.*, Plaintiff Depoy's strongest authority supporting her position, the Second Circuit specified that "[e]vidence of the harassment of women other than Perry, *if part of a pervasive or continuing pattern of conduct*, was surely relevant to show the existence of a hostile environment at Ethan Allen." 115 F.3d 143, 151 (2d Cir. 1997) (emphasis added). As stated above, Plaintiffs' allegations are insufficient to show a plan and do not warrant admitting evidence of Defendant's former administrator's harassment of other employees. Again, even if such evidence were admissible, the focus of the trial would be diverted to become an investigation of every employee's treatment by Defendant resulting in confusion for the jury and unjustified use of time. Therefore, evidence regarding harassment of employees other than Plaintiffs is inadmissible.

ORDER

Defendant's Motion in Limine is hereby *granted*.

Dated at Woodstock, Vermont, this ___ day of November, 2013.

 

 

Honorable Mary Miles Teachout
Superior Court Judge

---

[1] Only Plaintiff Depoy has a "hostile work environment" claim remaining in the case.